STATE OF LOUISIANA
v.
SEAN VINCENT GILLIS
No. 2007 KA 2320
Court of Appeals of Louisiana, First Circuit.
October 31, 2008
RICHARD J. WARD, Jr., District Attorney, ELIZABETH A. ENGOLIO, Assistant District Attorney, Attorneys for State of Louisiana.
JELPI P. PICOU, Jr., Sean Vincent Gillis and MAURICE TYLER, KERRY P. CUCCIA, Attorneys for Defendant-Appellant.
Before: PARROT McCLENDON, and WELCH, JJ.
PARRO, J.
The defendant, Sean Vincent Gillis, was charged by grand jury indictment with second degree murder, a violation of LSA-R.S. 14:30.1. The defendant originally pled not guilty; however, he subsequently changed his plea to guilty as charged, reserving his right under State v. Crosby, 338 Sa.2d 584 (La. 1976), to appeal the denial of his motion to suppress. After a Boykin examination, the trial court accepted the defendant's plea. He subsequently was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. He has appealed, urging five assignments of error. We affirm the conviction and sentence.

FACTS
Because the defendant pled guilty, the facts were not fully developed. At the Boykin hearing, the defendant admitted that he killed Joyce Williams by strangulation in West Baton Rouge Parish. According to the indictment, the defendant killed Williams on or about November 12, 1999.

ASSIGNMENTS OF ERROR NUMBERS ONE, TWO, THREE, & FOUR
The defendant sets forth five assignments of error, all related to the denial of his motion to suppress his statements to law enforcement officials. In his first assignment of error, the defendant contends that the statements extracted from him, following his multiple clear assertions of his right to counsel, should have been suppressed. In his second assignment of error, the defendant contends that after he invoked his right to counsel, the police were prohibited from interrogating him and attempting to extract additional inculpatory statements from him. In his third assignment of error, the defendant claims that because he did not reinitiate his interrogation, the police officers violated his constitutional rights by continuing to interrogate him. In his fourth assignment of error, the defendant contends that because he did not knowingly and intelligently waive his right to counsel, his inculpatory statements should be suppressed.
It is noted that the defendant raised these same issues in a pretrial writ application filed with this court. In that writ application, the defendant sought review of the denial of his motion to suppress, arguing that he invoked his right to counsel on two occasions and the law enforcement officers ignored him. He claimed that when he initially requested counsel, the officers continued to talk to him. The defendant set forth that when he repeated his request for counsel, the officers continued his interrogation without cessation and he did not reinitiate the conversation with the officers. The defendant argued that his invocation of his right to counsel was not ambiguous. The defendant contended that the officers did not ask him to waive his right to have counsel present and he did not waive his right to counsel. In an unpublished decision, this court denied the writ application. State v. Gillis, 07-0511 (La. App. 1st Cir. 4/2/07).
Although a pretrial determination does not absolutely preclude a different decision on appeal, judicial efficiency demands that this court accord great deference to its pretrial decisions unless it is apparent, in light of a subsequent trial record, that the determination was patently erroneous and produced an unjust result. See State v. Humphrey, 412 So.2d 507, 523 (La. 1982) (on rehearing).
In the instant case, the defendant failed to present any new evidence or argument tending to show that this court's pretrial decision regarding the trial court's denial of the motion to suppress was patently erroneous and/or produced an unjust result. In the absence of such a showing, this court will not overturn its earlier decision. It is noted that in his argument for assignment of error number three, the defendant cites State v. Bell, 07-1124 (La. 6/29/07), 958 So.2d 1173 (per curiam), which was decided after this court's decision in the defendant's writ application. In Bell, the Louisiana Supreme Court concluded that Bell's statement regarding counsel was not inconclusive and that the police erroneously reinitiated the conversation with Bell immediately thereafter. The supreme court concluded that any statements made by Bell during the police-initiated questioning after he clearly and unequivocally stated that he preferred to wait for his mother to secure counsel for him were not admissible. The supreme court did allow Bell's statements before he made his request for counsel. Although the Bell case was handed down after this court's denial of the defendant's writ application, the law upon which the conclusion in Bell was based was not new and it did not present anything new for this court to reconsider. These assignments of error are without merit.

ASSIGNMENT OF ERROR NUMBER FIVE
In his fifth assignment of error, the defendant contends that the state should not be allowed to take inconsistent positions on a matter involving fundamental constitutional rights. In his application with this court, the defendant argues that the prosecutors in West Baton Rouge Parish should not have been able to use his statements because the prosecutors in East Baton Rouge Parish were not using the statements in their prosecution of the defendant. The defendant contends that the statement in question was taken as a result of the investigation of murders in East Baton Rouge Parish. The defendant sets forth that decisions made by the state's representative in the East Baton Rouge Parish case should control other cases involving the defendant on fundamental issues like the validity of an interrogation. The defendant states that this does not mean one district attorney should control the strategy of another, but that the state should not take contradictory positions where an accused faces charges in more than one judicial district.
Louisiana Code of Criminal Procedure article 61 provides that the district attorney has "entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." There appears to be no case law to support the defendant's argument and the defendant did not set forth any authority for this claim. This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.